# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PATRICIA GEIGER and MICHAEL NIPPER | ) )  ) |
| Plaintiffs, | ) ) ) CIVIL ACTION FILE No. ) _____ |
| v. | ) ) JURY TRIAL DEMANDED ) |
| SANGHA HOSPITALITY, LLC, and RUPINDER SANGHA | ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Patricia Geiger and Michael Nipper (collectively, "Plaintiffs"), by and through the undersigned counsel of record, hereby file this Complaint for Damages against Sangha Hospitality, LLC ("Sangha Hospitality") and Rupinder Sangha (collectively, "Defendants"), showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq*. ("FLSA") to recover (1) unpaid, federally mandated overtime wages owed to Plaintiff and liquidated damages in an amount equal to unpaid overtime wages; and (2) reasonable attorneys' fees and costs.

Plaintiff also seeks relief pursuant to 215(a)(3) of the FLSA for Defendant's unlawful retaliation.

## **JURISDICTION AND VENUE**

2.

Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 29 U.S.C. 216(b) on the grounds that this action arises under the FLSA, 29 U.S.C. § 201 *et seq*.

3.

The venue of this action is properly placed in the Middle District of Georgia, Macon Division pursuant to 28 U.S.C. § 1391 because the activities giving rise to Plaintiffs' claims transpired in this district and Defendant is a resident of this District.

## **PARTIES**

4.

Plaintiff Michael Nipper is a citizen of the United States, a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

5.

Plaintiff Patricia Geiger is a citizen of the United States, a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant Sangha Hospitality, LLC is a Domestic Limited Liability Company doing business in Georgia and owns the property located at 108 First Street, Macon Georgia (the "Hotel"). Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b). Defendant may be served with Summons and Process through its Registered Agent, Blake Edwin Lisenby, 777 Walnut Street, Bibb, Macon GA, 31208.

7.

Defendant Sangha Hospitality is, and was at all times relevant to this action, an "employer" as defined by FLSA §3(d), 29 U.S.C. §203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. §203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §203(s)(1), 206 and 207.

8.

Rupinder Sangha is the owner of Sangha Hospitality. Defendant Rupinder Sangha may be served with Summons and Process at 777 Walnut Street, Bibb, Macon GA, 31208.

9.

Defendant Rupinder Sangha was involved in the day-to-day operations of Sangha Hospitality, had authority to hire and fire employees and directed Plaintiffs' work.

10.

Plaintiffs were Defendant's "employees" as defined by FLSA §3(e), 29 U.S.C. §203(e).

11.

Plaintiff performed non-exempt work for Defendant Sangha Hospitality within the last four (4) years.

12.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

13.

Defendant Sangha Hospitality is a private employer engaged in interstate commerce and has employees engaged in commerce.

## STATEMENT OF FACTS

14.

Plaintiff Michael Nipper worked for Defendant Sangha Hospitality from November 2012 until November 2016 as Security and Maintenance for the Hotel.

15.

Plaintiff Patricia Geiger worked for Defendant Sangha Hospitality from November 2012 until November 2016 as a Security Assistant and Maintenance for the Hotel.

16.

Plaintiffs' primary responsibilities included 24-hour video surveillance of the hotel, random walk throughs of the Hotel, notifying the police if any problems occurred, etc.

17.

Neither of Plaintiffs signed an engagement letter with Sangha Hospitality, because both Plaintiffs had worked at the Hotel for the two previous owners and were knowledgeable about the workings of the Hotel, and Sangha decided to keep Plaintiffs on after he bought the property.

18.

During the relevant period, Defendant paid Plaintiffs in total a salary of $600.00 biweekly for security job, and provided Plaintiffs with free housing at the Hotel, including electric and water.

19.

Plaintiffs lived in a single apartment at the Hotel.

20.

Plaintiffs worked eighty (80) to eighty-eight (88) hours in a work week. Sangha was aware that both Plaintiffs were working overtime, but never paid Plaintiffs overtime compensation for hours Plaintiffs worked in excess of forty (40) hours in any given work week.

21.

On or around March 2013, Defendant Sangha asked Plaintiffs if Plaintiffs would like to do some construction work to make more money.

22.

Plaintiffs agreed to do the construction work to make more money.

23.

Sangha first asked Plaintiffs to remove several office walls to open up the reception area, including removing everything back to the concrete pillars, concrete floors and ceilings. Plaintiff completed this first task in about a week and a half. Sangha paid Plaintiffs $1,000.00 for completing the first task.

24.

Sangha next asked Plaintiffs to remove a wall that ran between the bar and corridor on or around May 2013. Plaintiffs completed this second task in about four (4) days. Sangha paid Plaintiffs $500.00 for completing the second task.

25.

On or around August 2013, Defendant asked Plaintiffs to move all the furniture out of the rooms to a huge meeting room on the ground level.

26.

Sangha Hospitality is a sixteen-floor hotel with one working elevator.

27.

It took Plaintiffs two (2) months to remove all furniture from all 298 rooms to the huge meeting room on the ground level. Sangha paid Plaintiffs only $2,890.00 for completing this task.

28.

On or around November 2013, Defendant asked Plaintiffs to take down the wall paper and remove the carpet of the hotel rooms. Sangha instructed Plaintiffs to scrape the walls, spray the walls with bleach, then vinegar. Mr. Sangha agreed to provide bleach and vinegar to Plaintiff for completing this task.

29.

It took Plaintiffs four (4) months to complete this task.

30.

During this entire time, Plaintiffs continued to perform security duties on the Hotel.

31.

On or around April 2015, Plaintiff Patricia Geiger asked Sangha via email for payments Defendants owed to Plaintiffs. Sangha replied that "I am not charity" and "I have over paid Mike to date." Sangha also threatened to replace Plaintiffs by saying in the email that "[i]f you have problem to take care let me [know] so I can make arrangements to replace you."

32.

On or around July 2015, Sangha asked Plaintiff Michael Nipper to demolish one bathroom, including removing the toilet, vanity and sink, bath tub, any sheetrock that was mold covered, the floor tiles and the wall tiles. It took Plaintiff Nipper five hours and twenty minutes to demolish one bathroom.

33.

Sangha agreed to pay Plaintiffs $50.00 per bathroom. Plaintiffs demolished 298 bathrooms.

34.

Sangha then asked Plaintiffs to spray rooms on each floor of the hotel. Plaintiffs sprayed each room as Sangha required. Later Sangha asked Plaintiffs to respray the rooms on floors 2-5 and 16 and the lower lobby for mold again.

35.

Sangha agreed to pay Plaintiffs for $500.00 per floor.

36.

After Plaintiffs completed the task Sangha paid Plaintiffs $2,000.00 for the second spraying of floors 2-5. Sangha did not compensate Plaintiff for the second time spray of the 16th floor or lower lobby, or the first time spraying of the entire sixteen-floor hotel.

37.

When Plaintiff Michael Nipper contacted Sangha for the owed payment, Sangha replied Plaintiff Nipper in the email "So you are trying to tell me I have to pay you for everything?" Sangha also expressly refused to pay Plaintiff for the spraying of lower lobby and 16th floor because they are smaller than other floors.

38.

Sangha was satisfied with Plaintiffs' work until Plaintiffs brought up with Defendant payments owed to Plaintiffs.

39.

After Plaintiffs asked Sangha for the owed money, Sangha started claiming that furniture on the Hotel was missing. Sangha also blamed Plaintiffs for using too much water and electricity while living in the apartment at the Hotel.

40.

Upon the date of filing, Sangha paid Plaintiffs a total of $9,470.00 for construction work, and nothing for Plaintiff's overtime security work.

41. On or around October 30, 2016, Plaintiffs made a formal complaint, through counsel, of unpaid wages.

42.

On November 10, 2016, Plaintiffs' employment was terminated.

## COUNT ONE
## VIOLATION OF THE FLSA

43.

Plaintiffs hereby incorporate all previous Paragraphs as if fully restated herein.

44.

Defendant have violated FLSA 7, 29 U.S.C. 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

45.

Defendants routinely required Plaintiff to work more than forty (40) hours per week without overtime compensation.

46.

Defendants' actions, policies, and/or practices described above are in violation of the FLSA's overtime requirements as they fail to adequately compensate Plaintiffs for time spent on work activities as described herein.

47.

Defendants knew, or showed reckless disregard for the fact that it failed to pay Plaintiffs' overtime compensation in violation of the FLSA.

48.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of FLSA.

49.

Defendants' conduct was willful and in bad faith.

## COUNT TWO
## RETALIATION IN VIOLATION OF THE FLSA

50.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

51.

Plaintiffs engaged in statutorily protected conduct under the FLSA by opposing an employment practice they reasonably believed was unlawful under the FLSA when he complained about not being paid overtime.

52.

Plaintiff suffered an adverse action as a result of their statutorily protected conduct. To wit, Defendant terminated their employment shortly after Plaintiffs complained about not being fully compensated.

53.

Plaintiffs never received any reprimands or other adverse treatment until they complained about not being paid for all hours worked.

54.

Plaintiffs' statutorily protected activity was the motivating factor in the Defendants' decision to terminate his employment.

55.

As a direct and proximate result of the retaliation, Plaintiffs have sustained financial losses and mental anguish for which they are entitled to recover from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

1) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates for a period of four years.

2) Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable pay rate.

3) Attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

4) Trial by jury as to all issues;

5) Prejudgment interest at the rate allowed by law;

6) Declaratory relief to the effect Defendants have violated Plaintiff's statutory rights; and

7) Any and all such further relief that this Court or the finder of fact deems equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff herein demands a trial by jury of all issues in this action.

Respectfully submitted, this 30th day of January, 2017.

**MOLDEN LAW FIRM, LLC.**

/s/ Tremain C. Mattress
Regina S. Molden
Georgia Bar No.: 515454
Tremain C. Mattress
Georgia Bar No.: 940529
Peachtree Center – Harris Tower
Suite 1245
233 Peachtree Street NE
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: RMolden@moldenlaw.com;
TMattress@moldenlaw.com
*Attorney for Plaintiff*