IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PATRICIA GEIGER and MICHAEL NIPPER,<br><br>      Plaintiffs,<br><br>      v.<br><br>SANGHA HOSPITALITY, LLC, and RUPINDER SANGHA,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 5:17-CV-35 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

The Defendants move for default judgment as to their counterclaims against the Plaintiffs. Doc. 16. In response, the Plaintiffs oppose the motion and move for leave to answer the Defendants' counterclaims. Doc. 18. For the reasons discussed below, the Defendants' motion for default judgment (Doc. 16) is **DENIED**, and the Plaintiffs' motion for leave to answer the counterclaims (Doc. 18) is **GRANTED**.

## I. BACKGROUND

The Plaintiffs claimed in their original complaint that the Defendants violated their rights under the Fair Labor Standards Act by (1) failing to pay overtime wages owed to the Plaintiffs for their work for the Defendants' hotel, and (2) retaliating against the Plaintiffs for opposing the Defendants' unlawful conduct in terminating their employment. *See generally* Doc. 1. The Plaintiffs moved for leave to amend their complaint to add claims for breach of contract and quantum meruit, alleging that the Defendants failed to pay the Plaintiffs the full amount owed for construction work. *See generally* Doc. 10-1. The Defendants did not object to the motion, and the Court

granted it in a text order.  Docs. 11; 12.  The Defendants then moved for leave to file an amended answer and counterclaim, and the Court granted the motion in another text order.  Docs. 13; 14.

In their amended answer and counterclaim, the Defendants brought claims against the Plaintiffs for "trespass to personalty" and conversion.  Docs. 13-1 ¶¶ 11-20; 15 ¶¶ 11-20.  The Defendants moved to add the counterclaim on July 12, 2017.  Doc. 13.  On July 17, the Court granted the motion, and the Defendants filed the amended answer and counterclaim on the same day.  Docs. 14; 15.  On September 6, the Defendants moved for default judgment as to their counterclaims because the Plaintiffs failed to respond to the counterclaims.  Doc. 16.  In response, the Plaintiffs "acknowledge that they mistakenly failed to timely file their Answer to Defendants' counterclaims due to a clerical error," but they argue that the "inadvertent error does not warrant such drastic measure as default judgment."  Doc. 18 at 1-2.  The Plaintiffs also seek leave to file an answer to the counterclaims.  *Id.*  The Plaintiffs attached their proposed answer to their response.  Doc. 18-1.

## II. DISCUSSION

### A. Default Judgment Standard

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend claims against the defendant.[1]  Fed. R. Civ. P. 55(a), (b)(2).  Entry of default judgment is committed to the discretion of the Court.  *Hamm v. Dekalb Cty.*, 774 F.2d

---

[1] Although the Clerk of Court never actually entered default in this case, the Plaintiffs admit that they failed to timely "plead or otherwise defend" against the Defendants' counterclaims. *See* Doc. 18 at 1 (Plaintiffs admitting that they failed to timely respond due to a clerical error); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

1567, 1576 (11th Cir. 1985) (citations omitted).  "The [C]ourt may set aside an entry of default for good cause," and the Court may also deny a motion for default judgment and grant a motion to file an untimely answer for good cause.  Fed. R. Civ. P. 55(c); see *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014) ("Perez was entitled to have her motion to file an out-of-time answer to the counterclaim considered under our 'good cause' standard applicable to setting aside a default rather than under the 'more rigorous,' 'excusable neglect' standard." (citation omitted)); see also *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (holding that a district court may set aside a non-final default judgment for good cause, even absent a motion by the defaulting party).  "Good cause is a mutable standard, varying from situation to situation," but factors for courts to consider include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense," as well as "whether the defaulting party acted promptly to correct the default."  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted).  Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings."  *Perez*, 774 F.3d at 1337 n.7.

**B.     The Defendants' Counterclaim**

The Court finds that there is good cause to deny the motion for default judgment and grant the Plaintiffs leave to answer.  The Defendants argue in their reply that they would be prejudiced by denial of the motion because they have not conducted discovery on the counterclaims and, under the then-operative discovery deadline of November 13,

2017, "there would be no way to complete discovery by the existing deadline." Doc. 21 at 2-3. But since the Defendants filed their reply, the Court has granted the parties' joint motion to extend discovery to February 12, 2018. Doc. 22. Accordingly, the Defendants should now have sufficient time to conduct discovery on the counterclaims, and the Court finds that the Defendants will not be prejudiced. Although the Plaintiffs are "culpable" to the extent that they are responsible for failing to answer the counterclaim, the Court finds nothing to indicate that the default was "willful." *Id.* The Plaintiffs deny the Defendants' factual allegations underpinning the counterclaims and therefore "present[] a meritorious defense." Doc. 18-1 ¶¶ 11-20; *Compania Interamericana Export-Import*, 88 F.3d at 951; *see also Domineck v. One Stop Auto Shop, Inc.*, 302 F.R.D. 695, 699 (N.D. Ga. 2014) ("To be clear, a meritorious defense is one that is '"good at law" without reference to the likelihood of success.'" (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192-93 (6th Cir. 1986))). Finally, the Plaintiffs moved for leave to file an answer to the Defendants' counterclaims on September 20, two weeks after the Defendants moved for default judgment; the Court finds that this constitutes acting "promptly to correct the default." Doc. 18; *Compania Interamericana Export-Import*, 88 F.3d at 951. Accordingly, good cause exists to deny the motion for default judgment.

### III. CONCLUSION

For the reasons discussed above, the Defendants' motion for default judgment (Doc. 16) is **DENIED**, and the Plaintiffs' motion for leave to answer (Doc. 18) is **GRANTED**.

**SO ORDERED**, this 7th day of December, 2017.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL
                                        UNITED STATES DISTRICT COURT