# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** is hereby made by and among Plaintiff PATRICIA GEIGER (hereinafter referred to as "PLAINTIFF GEIGER"); Plaintiff MICHAEL NIPPER (hereinafter referred to as "PLAINTIFF NIPPER"); Defendant SANGHA HOSPITALITY, LLC, its owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns (hereinafter referred to as "DEFENDANT SANGHA HOSPITALITY"); and Defendant RUPINDER SANGHA, his heirs, executors, administrators, representatives, agents, successors and assigns (hereinafter referred to as "DEFENDANT RUPINDER SANGHA").

**WHEREAS,** on January 30, 2017, PLAINTIFF GEIGER and PLAINTIFF NIPPER (collectively referred to as "PLAINTIFFS") filed a Complaint in the United States District Court for the Middle District of Georgia, Macon Division, styled "PATRICIA GEIGER and MICHAEL NIPPER v. SANGHA HOSPITALITY, LLC, and RUPINDER SANGHA," Case No. 5:17-cv-00035-MTT, alleging claims arising under the Fair Labor Standards Act; and,

**WHEREAS,** on June 6, 2017, PLAINTIFFS moved to amend their complaint to add claims for breach of contract and quantum meruit, which motion was granted by the Court on June 29, 2017; and,

**WHEREAS,** on July 12, 2017, DEFENDANT SANGHA HOSPITALITY and DEFENDANT RUPINDER SANGHA (collectively referred to as "DEFENDANTS") moved to file an amended answer and counterclaim, which motion was granted by the Court on July 17, 2017; and,

**WHEREAS,** DEFENDANTS deny any and all liability whatsoever to PLAINTIFFS and make no concession as to the validity of the claims asserted in the Complaint; and,

**WHEREAS,** PLAINTIFFS deny any and all liability whatsoever to DEFENDANTS and make no concession as to the validity of the claims asserted in the Counterclaim; and,

**WHEREAS,** no additional parties have sought to join this action; and,

**WHEREAS,** PLAINTIFFS and DEFENDANTS desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint, in an amicable manner without the uncertainties and expenses involved in further litigation; and,

**WHEREAS,** PLAINTIFFS and DEFENDANTS, with assistance of counsel, have reached a compromise resolution intended to finally resolve their dispute; and,

**WHEREAS** PLAINTIFFS and DEFENDANTS desire that said resolution be reduced to writing and set forth herein;

Patricia Geiger
Michael Nipper
Sangha Hospitality, LLC _____
Rupinder Sangha _____

**NOW, THEREFORE,** in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve all issues between PLAINTIFFS and DEFENDANTS, the parties agree as follows:

1.      In consideration of the payment by DEFENDANTS of Sixteen Thousand and 00/100 Dollars ($16,000.00), payable as follows:

    a.    To PLAINTIFF GEIGER, in the amount of Three Thousand Seven Hundred Eighty-Six and 00/100 Dollars ($3,786.00), in lieu of any and all forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF GEIGER following receipt by DEFENDANTS of IRS Form W-9 representing that PLAINTIFF GEIGER is not subject to back-up withholding); and

    b.    To PLAINTIFF NIPPER, in the amount of Three Thousand Seven Hundred Eighty-Six and 00/100 Dollars ($3,786.00), in lieu of any and all forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF NIPPER following receipt by DEFENDANTS of IRS Form W-9 representing that PLAINTIFF NIPPER is not subject to back-up withholding); and

    c.    To PLAINTIFFS' attorneys, Molden Law Firm, L.L.C., in the amount of Eight Thousand Four Hundred Twenty-Eight and 00/100 Dollars ($8,428.00), of which $6,400.00 is for attorney fees, and $2,028.00 is for costs and other expenses of litigation, including the filing fee, service fees, and the costs associated with mediation (IRS Form 1099 to be issued to PLAINTIFFS' attorneys following receipt by DEFENDANTS of IRS Form W-9 representing that PLAINTIFFS' attorneys are not subject to backup withholding);

which PLAINTIFFS acknowledge to represent a full and complete settlement, PLAINTIFFS do hereby fully and forever surrender, release, acquit and discharge DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an

Patricia Geiger
Michael Nipper
Sangha Hospitality, LLC
Rupinder Sangha

amendment to the Complaint, of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, or compensation, with regard to PLAINTIFFS' claims under the overtime and retaliation provisions of the Fair Labor Standards Act, arising on or before the effective date of this Settlement Agreement and Release, including without limitation, those claims arising out of, under, or by reason of any and all claims under the Fair Labor Standards Act which were or could have been asserted in the Complaint. This release of rights is knowing and voluntary. PLAINTIFFS also covenant and agree that this Agreement will not be final until the Court approves the dismissal of the case following its review of the basic terms of this Settlement Agreement and Release pursuant to the JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A.

2.      PLAINTIFFS further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, involving any matter covered by the Fair Labor Standards Act occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose under the Fair Labor Standards Act prior to the date of this Settlement Agreement and Release. PLAINTIFFS acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

3.      PLAINTIFFS further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, regarding PLAINTIFFS' claims for breach of contract and

Patricia Geiger
Michael Nipper
Sangha Hospitality, LLC _____
Rupinder Sangha _____

Mar 05 18 06:15p       Jimmie Hartel                    4787453296                          p.4

quantum meruit regarding work alleged to have been performed for DEFENDANTS, occurring in the past up to the date of this Settlement Agreement and Release. PLAINTIFFS acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

4.      DEFENDANTS agree to dismiss the Counterclaim against PLAINTIFFS as part of the JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A. DEFENDANTS further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against PLAINTIFFS involving any matter occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose prior to the date of this Settlement Agreement and Release, or involving and based upon the Counterclaim or any other claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Settlement Agreement and Release. DEFENDANTS acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

5.      PLAINTIFFS represent and warrant that they have not assigned or sold, or in any way disposed of their claims hereby released, or any part thereof, to anyone and that they will save and hold DEFENDANTS harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

6.      PLAINTIFFS covenant and agree to indemnify and hold DEFENDANTS harmless for any additional sums, including, but not limited to, liabilities, costs, and expenses, including reasonable attorneys' fees, as the result of any claim(s) for attorneys' fees which may at any time be asserted against DEFENDANTS by PLAINTIFFS' counsel, or another party, on account of or in connection with the claims asserted in the Complaint. DEFENDANTS have the sole and exclusive right to select counsel to defend any such claim(s).

7.      PLAINTIFFS acknowledge that they are relying on no representations or warranties by DEFENDANTS that the payments made pursuant to this agreement or any portion thereof are properly excludable from taxable income. Rather, PLAINTIFFS have been advised to seek advice from professional advisors of their choosing regarding tax treatment of this settlement. PLAINTIFFS further covenant and agree to hold DEFENDANTS harmless for any additional sums, including, but not limited to, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred by PLAINTIFFS as a result of the tax treatment which PLAINTIFFS accord to the payments made to them pursuant to this Settlement Agreement and

Patricia Geiger
Michael Nipper
Sangha Hospitality, LLC _____
Rupinder Sangha _____

Release or as the result of any of said payments being made without being subjected to withholdings.

8.   In connection with the waivers in Paragraph 1 of any and all claims that PLAINTIFFS have or may have on the date hereof, PLAINTIFFS make the following acknowledgments:

   (a)   By signing this Settlement Agreement and Release, PLAINTIFFS waive all claims against DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, for alleged violations of any legal duty owed to said PLAINTIFFS under the Fair Labor Standards Act, as well as any claims by PLAINTIFFS for breach of contract and quantum meriut.

   (b)   In consideration of the waivers made by PLAINTIFFS under this Settlement Agreement and Release, PLAINTIFFS and their counsel will be receiving the settlement payments described in Paragraph 1 of this Settlement Agreement and Release.

   (c)   PLAINTIFFS have consulted with their attorney prior to executing this Settlement Agreement and Release and have been advised by their attorney as to the terms of the Settlement Agreement and Release and its effect on their claims against DEFENDANTS.

9.   PLAINTIFFS and DEFENDANTS understand and agree that this Settlement Agreement and Release is the compromise of disputed claims, and that the settlement is not to be construed as an admission of liability on the part of DEFENDANTS and that DEFENDANTS deny liability therefor and enter into said settlement merely to avoid further costs and litigation. It is further understood that PLAINTIFFS are not in any legal sense "prevailing parties" in connection with the Complaint.

10.   PLAINTIFFS and DEFENDANTS covenant and agree that there are no collateral or outside agreements, promises or undertakings on the part of PLAINTIFFS or DEFENDANTS other than those herein expressly stated and specifically and clearly agreed.

11.   This Settlement Agreement and Release shall be binding upon PLAINTIFFS and their heirs, administrators, executors, successors and assigns, and shall inure to the benefit of DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees,

Patricia Geiger
Michael Nipper
Sangha Hospitality, LLC ____
Rupinder Sangha ____

attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities.

12.     This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said State.

13.     Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release.

14.     As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

15.     This Settlement Agreement and Release sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.  This Settlement Agreement and Release may not be modified except in writing signed by all parties.

16.     This Settlement Agreement and Release may be executed in multiple counterparts, each of which will be deemed an original, but which together will be deemed one instrument.

**READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**PLAINTIFFS:**                                    **DEFENDANTS:**

_____ 3/5/2018      _____
PATRICIA GEIGER          Date           SANGHA HOSPITALITY, LLC    Date
                                        By: _____


_____ 3/5/2018      _____
MICHAEL NIPPER           Date           RUPINDER SANGHA            Date


Patricia Geiger _____
Michael Nipper _____
Sangha Hospitality, LLC _____
Rupinder Sangha _____

## SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** is hereby made by and among Plaintiff PATRICIA GEIGER (hereinafter referred to as "PLAINTIFF GEIGER"); Plaintiff MICHAEL NIPPER (hereinafter referred to as "PLAINTIFF NIPPER"); Defendant SANGHA HOSPITALITY, LLC, its owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns (hereinafter referred to as "DEFENDANT SANGHA HOSPITALITY"); and Defendant RUPINDER SANGHA, his heirs, executors, administrators, representatives, agents, successors and assigns (hereinafter referred to as "DEFENDANT RUPINDER SANGHA").

**WHEREAS,** on January 30, 2017, PLAINTIFF GEIGER and PLAINTIFF NIPPER (collectively referred to as "PLAINTIFFS") filed a Complaint in the United States District Court for the Middle District of Georgia, Macon Division, styled "PATRICIA GEIGER and MICHAEL NIPPER v. SANGHA HOSPITALITY, LLC, and RUPINDER SANGHA," Case No. 5:17-cv-00035-MTT, alleging claims arising under the Fair Labor Standards Act; and,

**WHEREAS,** on June 6, 2017, PLAINTIFFS moved to amend their complaint to add claims for breach of contract and quantum meruit, which motion was granted by the Court on June 29, 2017; and,

**WHEREAS,** on July 12, 2017, DEFENDANT SANGHA HOSPITALITY and DEFENDANT RUPINDER SANGHA (collectively referred to as "DEFENDANTS") moved to file an amended answer and counterclaim, which motion was granted by the Court on July 17, 2017; and,

**WHEREAS,** DEFENDANTS deny any and all liability whatsoever to PLAINTIFFS and make no concession as to the validity of the claims asserted in the Complaint; and,

**WHEREAS,** PLAINTIFFS deny any and all liability whatsoever to DEFENDANTS and make no concession as to the validity of the claims asserted in the Counterclaim; and,

**WHEREAS,** no additional parties have sought to join this action; and,

**WHEREAS,** PLAINTIFFS and DEFENDANTS desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint, in an amicable manner without the uncertainties and expenses involved in further litigation; and,

**WHEREAS,** PLAINTIFFS and DEFENDANTS, with assistance of counsel, have reached a compromise resolution intended to finally resolve their dispute; and,

**WHEREAS** PLAINTIFFS and DEFENDANTS desire that said resolution be reduced to writing and set forth herein;

Patricia Geiger _____
Michael Nipper _____
Sangha Hospitality, LLC _____
Rupinder Sangha _____

**NOW, THEREFORE,** in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve all issues between PLAINTIFFS and DEFENDANTS, the parties agree as follows:

1.      In consideration of the payment by DEFENDANTS of Sixteen Thousand and 00/100 Dollars ($16,000.00), payable as follows:

      a.      To PLAINTIFF GEIGER, in the amount of Three Thousand Seven Hundred Eighty-Six and 00/100 Dollars ($3,786.00), in lieu of any and all forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF GEIGER following receipt by DEFENDANTS of IRS Form W-9 representing that PLAINTIFF GEIGER is not subject to back-up withholding); and

      b.      To PLAINTIFF NIPPER, in the amount of Three Thousand Seven Hundred Eighty-Six and 00/100 Dollars ($3,786.00), in lieu of any and all forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF NIPPER following receipt by DEFENDANTS of IRS Form W-9 representing that PLAINTIFF NIPPER is not subject to back-up withholding); and

      c.      To PLAINTIFFS' attorneys, Molden Law Firm, L.L.C., in the amount of Eight Thousand Four Hundred Twenty-Eight and 00/100 Dollars ($8,428.00), of which $6,400.00 is for attorney fees, and $2,028.00 is for costs and other expenses of litigation, including the filing fee, service fees, and the costs associated with mediation (IRS Form 1099 to be issued to PLAINTIFFS' attorneys following receipt by DEFENDANTS of IRS Form W-9 representing that PLAINTIFFS' attorneys are not subject to backup withholding);

which PLAINTIFFS acknowledge to represent a full and complete settlement, PLAINTIFFS do hereby fully and forever surrender, release, acquit and discharge DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an

Patricia Geiger _____
Michael Nipper _____
Sangha Hospitality, LLC _____
Rupinder Sangha _____

amendment to the Complaint, of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, or compensation, with regard to PLAINTIFFS' claims under the overtime and retaliation provisions of the Fair Labor Standards Act, arising on or before the effective date of this Settlement Agreement and Release, including without limitation, those claims arising out of, under, or by reason of any and all claims under the Fair Labor Standards Act which were or could have been asserted in the Complaint. This release of rights is knowing and voluntary. PLAINTIFFS also covenant and agree that this Agreement will not be final until the Court approves the dismissal of the case following its review of the basic terms of this Settlement Agreement and Release pursuant to the JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A.

2.      PLAINTIFFS further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, involving any matter covered by the Fair Labor Standards Act occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose under the Fair Labor Standards Act prior to the date of this Settlement Agreement and Release. PLAINTIFFS acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

3.      PLAINTIFFS further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, regarding PLAINTIFFS' claims for breach of contract and

Patricia Geiger _____
Michael Nipper _____
Sangha Hospitality, LLC _____
Rupinder Sangha _____

Page 3 of 6

quantum meriut regarding work alleged to have been performed for DEFENDANTS, occurring in the past up to the date of this Settlement Agreement and Release.  PLAINTIFFS acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

4.      DEFENDANTS agree to dismiss the Counterclaim against PLAINTIFFS as part of the JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE, attached hereto as Exhibit A.  DEFENDANTS further agree, promise and covenant that neither they nor any person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against PLAINTIFFS involving any matter occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose prior to the date of this Settlement Agreement and Release, or involving and based upon the Counterclaim or any other claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Settlement Agreement and Release.  DEFENDANTS acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

5.      PLAINTIFFS represent and warrant that they have not assigned or sold, or in any way disposed of their claims hereby released, or any part thereof, to anyone and that they will save and hold DEFENDANTS harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

6.      PLAINTIFFS covenant and agree to indemnify and hold DEFENDANTS harmless for any additional sums, including, but not limited to, liabilities, costs, and expenses, including reasonable attorneys' fees, as the result of any claim(s) for attorneys' fees which may at any time be asserted against DEFENDANTS by PLAINTIFFS' counsel, or another party, on account of or in connection with the claims asserted in the Complaint.  DEFENDANTS have the sole and exclusive right to select counsel to defend any such claim(s).

7.      PLAINTIFFS acknowledge that they are relying on no representations or warranties by DEFENDANTS that the payments made pursuant to this agreement or any portion thereof are properly excludable from taxable income.  Rather, PLAINTIFFS have been advised to seek advice from professional advisors of their choosing regarding tax treatment of this settlement. PLAINTIFFS further covenant and agree to hold DEFENDANTS harmless for any additional sums, including, but not limited to, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred by PLAINTIFFS as a result of the tax treatment which PLAINTIFFS accord to the payments made to them pursuant to this Settlement Agreement and

Patricia Geiger _____
Michael Nipper _____
Sangha Hospitality, LLC _____
Rupinder Sangha _____

Page 4 of 6

Release or as the result of any of said payments being made without being subjected to withholdings.

8.      In connection with the waivers in Paragraph 1 of any and all claims that PLAINTIFFS have or may have on the date hereof, PLAINTIFFS make the following acknowledgments:

     (a)      By signing this Settlement Agreement and Release, PLAINTIFFS waive all claims against DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, for alleged violations of any legal duty owed to said PLAINTIFFS under the Fair Labor Standards Act, as well as any claims by PLAINTIFFS for breach of contract and quantum meriut.

     (b)      In consideration of the waivers made by PLAINTIFFS under this Settlement Agreement and Release, PLAINTIFFS and their counsel will be receiving the settlement payments described in Paragraph 1 of this Settlement Agreement and Release.

     (c)      PLAINTIFFS have consulted with their attorney prior to executing this Settlement Agreement and Release and have been advised by their attorney as to the terms of the Settlement Agreement and Release and its effect on their claims against DEFENDANTS.

9.      PLAINTIFFS and DEFENDANTS understand and agree that this Settlement Agreement and Release is the compromise of disputed claims, and that the settlement is not to be construed as an admission of liability on the part of DEFENDANTS and that DEFENDANTS deny liability therefor and enter into said settlement merely to avoid further costs and litigation.  It is further understood that PLAINTIFFS are not in any legal sense "prevailing parties" in connection with the Complaint.

10.     PLAINTIFFS and DEFENDANTS covenant and agree that there are no collateral or outside agreements, promises or undertakings on the part of PLAINTIFFS or DEFENDANTS other than those herein expressly stated and specifically and clearly agreed.

11.     This Settlement Agreement and Release shall be binding upon PLAINTIFFS and their heirs, administrators, executors, successors and assigns, and shall inure to the benefit of DEFENDANTS and their current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees,

Patricia Geiger      _____
Michael Nipper      _____
Sangha Hospitality, LLC      _____
Rupinder Sangha      _____

attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities.

12.     This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said State.

13.     Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release.

14.     As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

15.     This Settlement Agreement and Release sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.  This Settlement Agreement and Release may not be modified except in writing signed by all parties.

16.     This Settlement Agreement and Release may be executed in multiple counterparts, each of which will be deemed an original, but which together will be deemed one instrument.

**READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**PLAINTIFFS:**                          **DEFENDANTS:**

_____         _____   2/22/18
PATRICIA GEIGER        Date        SANGHA HOSPITALITY, LLC    Date
                                   By:  _OWNER_____

_____         _____   2/22/18
MICHAEL NIPPER        Date         RUPINDER SANGHA       Date

Patricia Geiger    _____
Michael Nipper    _____
Sangha Hospitality, LLC  _____
Rupinder Sangha   _____

Page 6 of 6