**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**PATRICIA GEIGER and MICHAEL NIPPER,**

**Plaintiffs,**

**v.**

**SANGHA HOSPITALITY, LLC, and RUPINDER SANGHA,**

**Defendants.**

**CIVIL ACTION NO. 5:17-CV-35 (MTT)**

**ORDER**

The parties jointly move to the Court to approve their proposed settlement agreement. Doc. 32. As discussed below, the motion to approve settlement (Doc. 32) is **GRANTED**, the settlement (Doc. 32-2) is **APPROVED** pursuant to the FLSA, and all of both parties' claims are **DISMISSED with prejudice**.

**I. DISCUSSION**

The Plaintiffs, Patricia Geiger and Michael Nipper, filed this suit against Sangha Hospitality, LLC and Rupinder Sangha on January 30, 2017, alleging that the Defendants violated the Fair Labor Standards Act. *See generally* Doc. 1. The Defendants brought counterclaims against the Plaintiffs for trespass and conversion. *See generally* Doc. 13-1. The parties have now agreed to settle the claims and are seeking judicial approval of the settlement agreement, as is required in FLSA cases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). In reviewing parties' proposed FLSA settlements, courts must scrutinize the agreements for fairness and may only approve a settlement if the settlement "does reflect a

reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id*. at 1353-54.

Here, bona fide disputes exist as to FLSA provisions such as whether the FLSA applies, the amount of compensation the Plaintiffs are entitled to receive, the statute of limitations, whether liquidated damages are available, and the merits of the Plaintiffs' claims and the Defendants' counterclaims. *See generally* Doc. 32. Having reviewed the settlement agreement, the Court concludes that the settlement terms, including awarding $3,786 each to Geiger and Nipper, constitute a fair and reasonable resolution of the bona fide disputes. Accordingly, the Court approves the settlement.

Courts must also scrutinize the amount of attorney's fees paid pursuant to FLSA settlements. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." (citation omitted)). To determine the reasonableness of claimed attorney's fees, the Court considers factors including the "lodestar," wherein the Court considers a reasonable hourly rate multiplied by the number of hours reasonably expended on this litigation. *See, e.g.*, *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

Here, the Plaintiffs' counsel appears to have begun with an hourly rate of $250 for work done by him and $100 for work done by a non-attorney legal assistant. *See* Doc. 32-1 at 4. The Plaintiffs' counsel catalogued work tasks for this case totaling 69.55

hours. *Id*. at 6. The Plaintiffs' counsel calculates the resulting attorney's fees as totaling $13,690. *Id*. The settlement agreement lowers this lodestar to $6,400 in attorney's fees and $2,028 in litigation costs. *See* Doc. 32-2 at 3. The Court finds that this rate and the number of hours expended are reasonable. The Plaintiffs' counsel has filed an affidavit stating that the firm lowered its fee in order to bring the matter to a conclusion and that the fees and costs "had no impact on the settlement amounts agreed to by Plaintiffs." Doc. 32-1 ¶¶ 5-6. Indeed, the amount of the actual fees agreed to is significantly less than the amount the Plaintiffs' counsel documents, and the Defendants have no objection to the number of hours the Plaintiffs' counsel spent litigating the case. Accordingly, the Court finds that the attorney's fees agreed to are also reasonable.

## II. CONCLUSION

The motion to approve settlement (Doc. 32) is **GRANTED**. The settlement (Doc. 32-2) is **APPROVED**, and all of both parties' claims are **DISMISSED with prejudice**.

**SO ORDERED**, this 9th day of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT